UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

LAURA McCRACKEN,
                            Plaintiff,

v.
                                            No. 12-CV-193
                                                 (MAD/CFH)
MICHAEL J. ASTRUE, Commissioner of
Social Security,
                            Defendant.

---

**APPEARANCES:**                             **OF COUNSEL:**

INSLER & HERMANN, LLP              LEWIS B. INSLER, ESQ.
Attorney for Plaintiff
560 White Plains Road
Tarrytown, New York 10591

HON. RICHARD S. HARTUNIAN       BENIL ABRAHAM, ESQ.
United States Attorney for the           Special Assistant United States Attorney
   Northern District of New York
Attorney for Defendant
100 South Clinton Street
Syracuse, New York 13261-7198

**CHRISTIAN F. HUMMEL**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

On January 27, 2012, counsel for Laura McCracken ("McCracken") initiated this action, pursuant to 42 U.S.C. § 405(g), seeking review of a decision by the Commissioner of Social Security denying her application for disability benefits. Compl. (Dkt. No. 1). On March 26, 2012, defendant filed a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that because McCracken failed to file her complaint within the proscribed sixty-day filing period, the Court lacks subject matter jurisdiction to entertain the action. Dkt. No. 4. McCracken opposes the motion. Dkt.

No. 5. For the reasons stated below, it is recommended that defendant's motion be denied.

**I. Background**

McCracken filed an application under Title II of the Social Security Act for benefits due to a disability occurring since December 20, 2007. Ortiz Decl. (Dkt. No. 4-2 at 1-5) ¶ (3); Dkt. No. 4-2 at 9. In a written decision dated September 24, 2010, after presiding over a hearing, administrative law judge ("ALJ") Roberto LeBron found that McCracken retained the residual functional capacity ("RFC") to perform a full range of light work. Dkt. No. 4-3 at 9 n1. McCracken requested review from the Appeals counsel and in an order dated December 7, 2010, the Appeals counsel directed ALJ LeBron to further assess McCracken's RFC given additional considerations and limitations. Id.

A second hearing was held before ALJ LeBron on February 7, 2011. Dkt. No. 4-2 at 9. McCracken was represented by the same counsel she currently retained. Id. In a decision dated April 18, 2011, the ALJ held that McCracken was not entitled to disability benefits. Dkt. No. 4-3 at 6-22; Ortiz Decl. ¶ 3(a). McCracken filed a request for review with the Appeals Council, and on September 12, 2011, the Appeals Council denied that request, thus making the ALJ's findings the final decision of the Commissioner. Ortiz Decl. ¶ 3(a); Dkt. No. 4-2 at 23-28. Within the Appeals Council correspondence was "notice of . . . the right to commence a civil action [in federal court] within sixty (60) days from the date of receipt," of the Appeals Council's decision. Ortiz Decl. ¶ 3(a); Dkt. No. 4-2 at 24. Additionally, there was direction that an extension of the sixty-day time period may be requested and granted for good reason. Dkt. No. 4-2

at 24. No such request for an extension was made on McCracken's behalf. Ortiz Decl. ¶ 3(b). The present action was filed on January 27, 2012, indisputably outside of the sixty-day time period.

Counsel for McCracken, a firm that primarily engages in Social Security Disability appeals, was retained on April 24, 2009 and represented McCracken through her administrative hearings and appeals. Dkt. No. 5 at 1. During the pendency of the action, McCracken moved from the Southern District of New York to the Northern District of New York. Id. Assuming the local rules of the Northern District were identical to the Southern District, on November 14, 2011 counsel filed the present action traditionally instead of electronically. Id. at 2; Compl. ¶ 5. This mistake was compounded by the fact that the mailed package containing the complaint was improperly addressed. Compl. ¶ 5. The complaint was returned to the law firm on December 29, 2011 and electronically filed on January 27, 2012. Dkt. No. 5 at 2. The delay was due to the fact that counsel was unaware that his biennial dues had not been paid for two periods, thus, by the time counsel was made aware of his delinquency, paid his dues, and was able to actually file the complaint, an additional month had passed. Id. Therefore, counsel attributes this combination of errors to law office failures, asking that McCracken not been penalized for the law firm's lapses. Id.

## II. Discussion

### A. Standard of Review

"A case is properly dismissed for lack of subject matter jurisdiction under Rule

3

12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) (citing FED. R. CIV. P. 12(b)(1)). Federal courts are "duty bound . . . to address the issue of subject matter jurisdiction at the outset." Filetech S.A. v. France Telecom S.A., 157 F.3d 922, 929 (2d Cir. 1998). "In resolving the question of jurisdiction, the district court can refer to evidence outside the pleadings and the plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that [jurisdiction] exists." Luckett v. Bure, 290 F.3d 493, 496-97 (2d Cir. 2002) (citations omitted); see also Societe Nationale d'Exploitation Industrielle des Tabacs et Allumettes v. Salomon Bros. Int'l Ltd., 928 F. Supp. 398, 402 (S.D.N.Y. 1996) ("[T]he Court need not accept as true contested jurisdictional allegations and may resolve disputed jurisdictional facts by reference to affidavits and other materials outside the pleadings.") (citing cases).

### B. Timely Filing

Absent Congressional consent to be sued, the United States is immune from suit and federal courts lack subject matter jurisdiction to entertain the suit. Makarova, 201 F.3d at 113 (quoting United States v. Mitchell, 445 U.S. 535, 538 (1980)). Where the United States waives sovereign immunity and consents to be sued, the terms of such consent define the court's jurisdiction to entertain the suit. Mitchell, 445 U.S. at 538 (citations omitted). In the case at bar, the express Congressional consent to suit can be found at 42 U.S.C. § 405(g), which authorizes judicial review of cases arising under Title II of the Social Security Act. Section 405(g) provides:

Any individual, after any final decision of the Commissioner of Social Security

4

made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

It is clear from this statute that judicial review is only permitted in accordance with the terms therein:

The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h); see also Panetta v. Astrue, No. 07-CV-1265, 2009 WL 511349, at *1 (N.D.N.Y. Feb. 27, 2009) (holding that "[t]he Social Security Act precludes judicial review of any finding of fact or decision of the Secretary except as provided in Section 405(g).") (quoting inter alia Weingerbeger v. Salfi, 422 U.S. 749 (1975)) (internal quotation marks omitted).

Indisputably, McCracken's complaint was untimely filed. Moreover, McCracken was aware of the ability to seek an extension of the sixty-day deadline for good cause, and failed to do so. However, the sixty-day limitation has been deemed subject to equitable tolling, which, "given the nature of social security . . . is not infrequently appropriate." Torres v. Barnhart, 417 F.3d 276, 279 (2d Cir. 2005) (citing Bowen v. City of New York, 476 U.S. 467, 480 (1986); State of New York v. Sullivan, 906 F.2d 910, 917 (2d Cir. 1990) (quotation marks omitted). "[E]quitable tolling requires a showing of both extraordinary circumstances and due diligence." Id. Thus, this Court does not have jurisdiction to hear McCracken's appeal unless equitable tolling applies.

Attorney errors may be sufficient to invoke equitable tolling; however, "the failure of a retained attorney to file a federal social security complaint does not necessarily constitute an extraordinary circumstance warranting [such] . . . ." Torres, 417 F.3d at 280 (internal quotation marks and citations omitted); see also Baldayaque v. United States, 338 F.3d 145, 151-52 (2d Cir. 2003) (explaining "that at some point, an attorney's behavior may be so outrageous or so incompetent as to render it extraordinary."). Attorney misconduct rises to a level warranting tolling when more than ordinary, "garden variety" mistakes are made. See e.g., Dillion v. Conway, 642 F.3d 358, 363 (2d Cir. 2011) (finding extraordinary circumstances where the attorney affirmatively and knowingly mislead[s a client]" by engaging in conduct where he "willfully ignore[s] the express instructions of his client, d[oes] not conduct any legal research . . . and never sp[eaks] to the client." (citations omitted) (emphasis in original); see also Holland v. Florida, 130 S. Ct. 2549, 2564 (2010) ( holding "that a garden variety claim of excusable neglect . . . such as a simple miscalculation that leads a lawyer to miss a filing deadline . . . does not warrant equitable tolling.") (internal citations and quotation marks omitted); Torres, 417 F.3d at 280 (finding exceptional circumstances sufficient to establish equitable tolling where an attorney (1) orally stated he would help the plaintiff; (2) requested the complaint and underlying administrative documents from the plaintiff both orally and in writing; (3) sent the plaintiff a fee agreement to sign in return; and (4) failed to timely file the complaint despite being "fully cognizant of the time constraints, . . . [and] agree[ing] to assist [the plaintiff] in filing . . . .").

In the case at bar, McCracken has shown both extraordinary circumstances and

reasonable diligence necessary to initiate equitable tolling.  Counsel's actions represent extraordinary circumstances given the pervasive, repeated failures in connection with McCracken's representation in the instant case.  While distinguishable from attorneys discussed in the previous cases who affirmatively misled or ignored their clients, in this case, counsel's ongoing failures despite a continued, concerted effort to successfully litigate McCracken's case still rise to the level of extraordinary.

Counsel, irrespective of working at a law firm holding itself out as an expert in disability benefits cases including Social Security Disability cases, was unfamiliar with the local rules and failed to review them despite being admitted, practicing, and filing an action within the Northern District of New York.  Counsel also failed to properly address the envelope containing the complaint, which led to confusion with its processing and return.  Moreover, even upon receipt of the complaint and an attempt to remedy its initial misfiling, counsel still failed in his representation obligations as he had not remained current with his federal bar dues, precluding him from properly filing the complaint until his financial obligations were satisfied.  While each individual failure represents the type of garden variety attorney negligence that would be deemed insufficient to establish extraordinary circumstances, such failures in combination, even though inadvertent, represent the type of incompetence capable of being categorized as extraordinary.

Moreover, counsel has shown reasonable diligence in pursuing the instant complaint.  Counsel had represented McCracken throughout the course of the administrative proceedings without issue.  There was no reason for McCracken to presume that her personal decision to move residences within the state, resulting in a

7

change of venue from the Southern to Northern District, would result in her having to continually follow up with her counsel, or the Court, because her move would render counsel incapable of successfully continuing to litigate her claims. This notion is further supported given her attorney's touted expertise in disability claims and ability to navigate through the underlying administrative proceedings. Moreover, crediting counsel's proffer in his response, there were numerous attempts to file the instant complaint. Given when these attempts commenced, timely filing would have been accomplished had it not been for the pervasive failures by counsel outlined above.

Given the remedial nature of the Social Security statute and the legal precedent protecting plaintiffs from extraordinary circumstances arising out of their representation, whether the result of affirmative acts of concealment and treachery or inadvertent acts of repeated ignorance, it is recommended that although untimely filed, equitable tolling applies to the instant complaint.

**WHEREFORE**, after due consideration being given, it is hereby

**RECOMMENDED**, the defendant's motion to dismiss (Dkt. No. 4) be **DENIED**; and it is further

**ORDERED**, that the Clerk serve the parties in accordance with the local rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d

Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(e).

**IT IS SO ORDERED.**

Dated: January 7, 2013
       Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge