UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LAURA MCCRACKEN,

                               **Plaintiff,**

    vs.                                                                              8:12-cv-00193
                                                                                          (MAD)

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security,**

                               **Defendant.**
_____

**APPEARANCES:**                                **OF COUNSEL:**

**INSLER & HERMANN, LLP**                 **LEWIS B. INSLER, ESQ.**
560 White Plains Road
Tarrytown, New York 10591
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**    **BENIL ABRAHAM, ESQ.**
Office of the General Counsel
Region II
26 Federal Plaza - Room 3904
New York, New York 10278
Attorney for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## DECISION AND ORDER

### I. INTRODUCTION

On January 1, 2012, Plaintiff Laura McCracken commenced suit pursuant to 42 U.S.C. § 405(g) seeking a review of the Commissioner of Social Security's decision to deny her application for Disability Insurance Benefits ("DIB"). *See* Dkt. No. 1 at 1-2. The parties' familiarity with the background and procedural history of this case is assumed based upon this Court's previous Memorandum-Decision and Order dated May 13, 2014. *See* Dkt. No. 16. Presently before the

Court is Plaintiff's motion for an award of attorney's fees under 42 U.S.C. § 406(b). *See* Dkt. No. 18-1 at 3. The Commissioner has not opposed the motion.

## II. DISCUSSION

**A.     Standard of Review**

42 U.S.C. § 406(b) provides as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

42 U.S.C. § 406(b)(1)(A). Thus, 42 U.S.C. § 406(b) requires the plaintiff's attorneys to obtain court approval of their fees and have the court determine that their requested fees are reasonable and should be awarded. *See Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990) (citations omitted); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 808-809 (2002) (endorsing the 42 U.S.C. § 406(b) fee determination approach established by the Second Circuit in *Wells* stating "Section 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases"). In determining the reasonableness of a fee the Supreme Court stated "[c]ourts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808 (citations omitted).

"While the court need not make mathematical calculations, it should, of course, determine whether the contingency percentage is within the 25% cap; it should also consider whether there has been fraud or overreaching in making the agreement, and whether the requested amount is so large as to be a windfall to the attorney." *Wells*, 907 F.2d at 372 (citations omitted).

2

**B. Analysis**

In an award notice dated July 1, 2015, the Social Security Administration ("SSA") advised Plaintiff that she was awarded monthly disability benefits with a disability onset date of December 20, 2007. *See* Dkt. No. 18-4 at 1. The notice also stated that SSA withheld $15,680.23 from her past-due benefits, 25 percent of the total past due benefits, for possible attorney's fee claims under 42 U.S.C. § 406(b). *See id.* at 2. In a May 15, 2016 letter, SSA advised Plaintiff that it had approved $9,680.23 to pay Plaintiff's attorney for work done at the administrative level and that the agency would continue to withhold $5,197.27 for potential payment of counsel's federal court attorney's fees. *See* Dkt. No. 18-5 at 1.

Plaintiff requests this Court award $5,197.27 for 20.36 hours of attorney work, which represents a de facto hourly rate of $255.27. *See* Dkt. No. 18-1 at 2-3. When assessing the reasonableness of attorney's fees, "the Supreme Court rejected the use of the 'lodestar' method (*i.e.*, the number of hours reasonably expended times a reasonable hourly rate) to awarding fees under § 406(b) where the plaintiff and her attorney have entered into a contingent-fee agreement." *Lapatra v. Astrue*, 530 F. Supp. 2d 453, 455 (W.D.N.Y. 2008) (citing *Gisbrecht*, 535 U.S. at 808). Instead, "'[d]eference should be given ... to the freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate ... and of an attorney's willingness to take the case despite the risk of nonpayment.'" *Id.* (quoting *Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005)) (other quotation omitted).

In the present matter "the Commissioner has no objections to the Section 406(b) fee motion" and therefore does not specifically object to the reasonableness of the 20.36 hours of attorney work allegedly expended by Plaintiff's counsel. Dkt. No. 19 at 2. The supporting documentation submitted by counsel itemizing his time spent is sufficient for this Court to find

his expenditure of hours and the hourly rate claim to be reasonable given the nature of this litigation. *See id*. at 1-2; Dkt. No. 18-6 at 1. The contingent rate of 25% of the past due benefits was agreed upon by Plaintiff and Plaintiff's counsel in a document titled federal court retainer agreement. *See* Dkt. No. 18-2 at 1. Morever, as the Commissioner notes, the total amount requested does not clearly constitute a windfall and does not exceed 25 percent of the total past due benefits to Plaintiff.

Accordingly, the Court awards attorney's fees in the amount of $5,197.27.

### III. CONCLUSION

Based upon the foregoing, the Court hereby

**ORDERS** that Plaintiff's motion for attorney's fees and costs (Dkt. No. 18) is **GRANTED** in the amount of five thousand one hundred ninety-seven dollars and twenty seven cents ($5,197.27) for attorney's fees; and the Court further

**ORDERS** that the check shall be made payable to Plaintiff's counsel and that the check shall be mailed to Plaintiff's counsel; and the Court further

**ORDERS** that the Clerk of the Court shall serve the parties with a copy of this Decision and Order in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: January 27, 2017
      Albany, New York

Mae A. D'Agostino
U.S. District Judge